UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | Case No. 2:23-cv-02932-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| UNKNOWN, | |
| Defendant. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT THE APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED AND PLAINTIFF BE MADE TO TENDER THE FILING FEE |
| | ECF No. 5 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a state prisoner, brings this action under section 1983, and he has moved to proceed *in forma pauperis*. ECF No. 5. He is, however, a three-striker within the meaning of section 1915(g). *See Joseph v. Penner*, No. 2:18-cv-02597-JAM-DMC, at ECF Nos. 44 & 47.[1]

---

[1] Several listed strikes are: *Joseph v. Telander*, No. 2:13-cv-00051-JAM-JFM (E.D. Cal. May 16, 2013) (initial complaint failed to state a claim and the action was dismissed when plaintiff failed to amend his deficient complaint); *Joseph v. Cal. Prison Indus. Auth.*, No. 2:13-cv-00122-CKD (E.D. Cal. June 4, 2013) (dismissed for failure to state a claim); *Joseph v. Lee*, No. 2:15-cv-02609-AB (JC) (C.D. Cal. Apr. 16, 2015) (dismissed for lack of jurisdiction, as frivolous, malicious, or for failure to state a claim); *Joseph v. Rahimifar*, No. 1:18-cv-01338-NODJ-GSA

1

1   Thus, he may only proceed *in forma pauperis* if he can show that he is in imminent danger of
2   physical harm.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir.
3   2007).  His allegations do not make that showing, and I recommend that his application to
4   proceed *in forma pauperis* be denied and that he be required to pay the filing fee before
5   proceeding.

## Screening and Pleading Requirements

7   A federal court must screen a prisoner's complaint that seeks relief against a governmental
8   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable
9   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
10  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
11  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

12  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
13  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
14  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
15  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
16  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
17  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
18  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
19  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
20  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
21  n.2 (9th Cir. 2006) (en banc) (citations omitted).

22  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
23  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
24  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
25  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
26  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

---

28  (E.D. Cal. May 22, 2020) (dismissed for failure to state a claim).

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, beginning in 2006 and continuing for three years thereafter, he was exposed to the pesticide "Paraquat" while incarcerated. ECF No. 1 at 2-3. He claims that, in 2010, he was diagnosed with Parkinson's disease despite having no family history of the malady. *Id.* at 3. The alleged exposures and diagnosis are more than ten years old, and there is no allegation that plaintiff remains exposed to the pesticide. Thus, plaintiff makes no showing of imminent danger. And, even if this action were to proceed, it appears that these claims would be time-barred.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the application to proceed in forma pauperis, ECF No. 5, be DENIED and plaintiff be directed to pay the filing fee in order to proceed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE